UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LONNIE SMITH                                          CIVIL ACTION

versus                                                NO. 12-1159

WARDEN LYNN COOPER                                    SECTION: "C" (3)

**O R D E R**

Before the Court is a petition for habeas corpus under 28 U.S.C. § 2254 filed by Lonnie Smith. Rec. Doc. 1.  Smith asserts as grounds for relief that: (1) he was denied his Constitutional Right under the Sixth Amendment to cross-examine a key witness; (2) he was denied his Constitutional Right under the Sixth Amendment when trial counsel failed to object to the admissibility of the predicate offense during sentencing; and (3) he was denied his Constitutional Right under the Sixth Amendment when his Appellate Counsel failed to raise the issue presented in his Motion to Quash. *Id.* at 20-21.  The Court received and reviewed the petitioner's "opposition to United States Magistrate Judge Recommendation" ("petitioner's objections to the Magistrate Judge's Report and Recommendation") including the page that petitioner initially forgot to include. Rec. Doc. 16. Having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion. Rec. Doc.

1

14.

The Court finds that petitioner has not shown a violation of a Constitutional Right. As to the petitioner's claim that he was denied the opportunity to cross-examine Daniel Skehan, the trial court did err in curtailing the questioning regarding Skehan's pending charges. But the jury acquitted both defendants of robbing Skehan. As the Fourth Circuit noted, this may have been due to it being based solely on his testimony with no corroboration. Furthermore, the jury did hear of Skehan's several convictions, even though the questioning of his open charge was improperly curtailed. Because neither defendant was convicted on Skehan's testimony, it is harmless error.

The Court also agrees with the Magistrate Judge's determinations regarding ineffective assistance of counsel. *Id.* at 17. To make a *Strickland* claim for ineffective assistance of counsel, a petitioner must show (1) that the counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner has not met this burden. Trial counsel's failure to object to the use of a predicate conviction would have been meritless, as a probated sentence is counted as a prior conviction,[1] and therefore it did not prejudice the defendant. Rec. Doc. 14 at 19. Additionally, because the trial judge imposed the minimum statutory sentence in this case that could be imposed as a second offender, trial counsel's failure to object to the trial court's failure to specify reasons for the sentence imposed did not prejudice the petitioner. *Id.* at 19-20. Lastly, the Court finds that

---

[1] Contrary to defendant's belief, a prior conviction under La.C.Cr.P. Art. 983(E)(2) is still counted if the defendant is convicted again.

2

petitioner was not prejudiced by appellate counsel's failure to claim that trial was not commenced within the period allowed by law. *Id.* at 20.  The motion to quash did not have merit. *Id.* at 22.

Accordingly,

**IT IS ORDERED** that the federal petition of **Lonnie Smith** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of August, 2013.

**UNITED STATES DISTRICT JUDGE**